IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DORSEY J. REIRDON** | ) |
| | ) |
|   **Plaintiff,** | ) |
| | ) |
| | )  **Case No.** 16-cv-445-SPS |
| v. | ) |
| | ) |
| | ) |
| **CIMAREX ENERGY COMPANY** | ) |
| **AND CIMAREX ENERGY CO. OF** | ) |
| **COLORADO** | ) |
| | ) |
| | ) |
|   **Defendants.** | ) |

## PLAINTIFF'S ORIGINAL CLASS ACTION COMPLAINT

COMES NOW, Plaintiff, Dorsey J. Reirdon ("Reirdon" or "Plaintiff"), for itself and all others similarly situated (hereinafter, Reirdon and the putative Class Members are collectively referred to as the "Class"), and for their cause of action against Defendants, Cimarex Energy Company and Cimarex Energy Co. of Colorado (collectively, "Cimarex") (hereinafter, "Cimarex" or "Defendants"), allege and state as follows:

### CASE SUMMARY

1.   This class action arises out of Cimarex's breach of its express duties under oil and gas leases to pay royalty to Plaintiff and the putative Class on the full production of natural gas (and all constituents) from wells in Oklahoma in which the Class owns mineral interests.

2.   Cimarex has used, caused to be used, and/or allowed third parties to use natural gas produced from wells in Oklahoma that it operates (or has operated) or as non-operator, separately marketed the gas (the "Oklahoma Wells") off the lease premises as fuel to, *inter alia*,

power compressors and other machinery and equipment in gathering system operations and/or gas plant operations (hereinafter "Fuel Gas").

3. The oil and gas leases associated with Reirdon and the putative Class' mineral interests in the Oklahoma Wells that Cimarex has operated or from which Cimarex separately marketed the gas contain express provisions requiring Cimarex to pay royalty on Fuel Gas.

4. In direct violation of Cimarex's express obligations under the oil and gas leases, Cimarex has knowingly and systematically underpaid royalty to Reirdon and the putative Class Members through implementation of a uniform policy of paying **no royalty** to Reirdon and the putative Class for Fuel Gas.

5. Cimarex secretly underpaid royalty to the Class by failing to disclose to Reirdon and other putative Class Members on their monthly royalty checkstubs that Cimarex was not paying royalty on the full volume and value of production from the Oklahoma Wells.

6. Reirdon brings this action to recover the royalty Cimarex owes Reirdon and all similarly situated royalty interest owners—*i.e.*, the Class—for its uniform breach of express covenants to pay royalty on Fuel Gas.

## VENUE AND JURISDICTION ALLEGATIONS

7. Plaintiff Dorsey J. Reirdon is a resident and citizen of the State of Texas.

8. Plaintiff owns mineral interests in Oklahoma wells operated by Cimarex Energy Co. of Colorado and pursuant to which Cimarex incurred an obligation to pay oil and gas proceeds therefrom.

9. Cimarex Energy Company is a foreign corporation organized under Delaware law with a principal place of business in the State of Colorado and is authorized to do business in the State of Oklahoma.

10. Cimarex Energy Co. of Colorado is a wholly owned subsidiary of Cimarex Energy Company, incorporated in Texas with its principal place of business in Colorado and is authorized to do business in the State of Oklahoma.

11. Reirdon and the other putative Class Members are residents of various states, including the State of Oklahoma. Their claims arose in Marshall County, Oklahoma and various other counties in Oklahoma.

12. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(d)(2). The amount in controversy exceeds $5,000,000.00, exclusive of interest and costs, and this is a class action in which at least one member of the class is a citizen of a state different from any of Defendants.

13. This Court has both specific and general jurisdiction over Defendants. Defendants engaged in continuous and systematic activities within the State of Oklahoma. These activities include operating wells in Oklahoma from which the Class' claims arise.

14. Venue is proper in this District pursuant to 28 U.S.C. §1391. Specifically, as provided by 28 U.S.C. §1391(c), Defendants are corporations that are deemed to reside in this District. Moreover, a substantial part of the events and omissions giving rise to the claims alleged herein occurred in this District.

## CLASS ACTION ALLEGATIONS

The allegations set forth above are incorporated herein by reference.

15. Plaintiff brings this action as the representative of a Class pursuant to Federal Rule of Civil Procedure 23. The "Class" is comprised of:

> All non-excluded persons or entities who are or were royalty owners in Oklahoma wells where Cimarex, including its predecessors or affiliates, is or was the well operator and working interest owner (or,

3

as a non-operating working interest owner, Cimarex separately marketed gas), and who, from January 1, 2013, are or were entitled to share in royalty proceeds payable under oil and gas leases that contain an express provision stating that royalty will be paid on gas used off the lease premises and/or in the manufacture of products.

The persons or entities excluded from the Class are: (1) agencies, departments or instrumentalities of the United States of America and the State of Oklahoma; (2) officers of the Court involved in this action; (3) publicly traded oil and gas exploration companies and their affiliates; and (4) persons or entities that Plaintiff's counsel is, or may be prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional conduct.

16. The Class numbers more than one thousand members; the members reside in several different states; and the Class is so numerous and spread out across the United States that joinder of all members is impracticable.

17. Cimarex is or was the owner of extensive oil and gas leasehold interests within the State of Oklahoma. Cimarex, as well operator (and as non-operator) has marketed gas from the Oklahoma Wells and been responsible for properly paying royalty under the terms of oil and gas leases which contain an express covenant stating that royalty will be paid on Fuel Gas.

18. The averments of fact and questions of law herein are common to the Class.

19. The questions of fact and law common to the Class include, but are not limited to, the following:

 a. Whether, under the express terms of the oil and gas leases under which Reirdon and the putative Class are entitled to be paid royalty, Cimarex has or had a duty to pay royalty on Fuel Gas;

 b. Whether Cimarex has paid the full amount of royalty owed on Fuel Gas; and

 c. Whether Cimarex's uniform royalty payment methodology breaches

Cimarex's express duties to pay royalty on Fuel Gas.

20. Reirdon is a mineral interest owner in Oklahoma Wells where Cimarex is or was the operator or where Cimarex, as non-operator, separately marketed gas production from wells. Plaintiff's claims are typical of the Class' claims.

21. Reirdon will fairly and adequately protect the interests of the Class. Reirdon's interests do not conflict with the interests of the Class. Reirdon is represented by skilled counsel with experience in oil and gas accounting and complex civil litigation matters, including oil and gas royalty class actions.

22. The averments of fact and questions of law herein, which are common to the members of the Class, predominate over any questions affecting only individual members. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FACTUAL ALLEGATIONS AND CLAIMS

The allegations set forth above are incorporated herein by reference.

23. Based on information and belief, Cimarex used its position as operator and as oil and gas working interest owner to secretly underpay royalty due Plaintiff and the putative Class Members on production of natural gas from the Oklahoma Wells. Cimarex has accomplished this by not paying royalty on wellhead gas that was, and is, used as fuel off the lease premises to power compressors and other machinery and equipment in gathering systems and/or gas plant operations.

24. Cimarex produces and/or produced raw natural gas (and all constituents thereof) from the Oklahoma Wells. The express covenants in the oil and gas leases associated with these wells require Cimarex to pay royalty on such gas to Plaintiff and the putative Class.

25.     Specifically, each of the oil and gas leases requires, through the same or substantially similar language, that Cimarex pay royalty to the lessors "for gas…used off the leased premises, or in the manufacture of products therefrom…or used by lessee off the leased premises for any purpose."  (hereinafter the "Fuel Gas Clause").

26.     Based on information and belief, Cimarex used, caused to be used and/or allowed third parties to use certain amounts of raw wellhead gas produced from the Oklahoma Wells off the lease premises as fuel to power various machinery and equipment, on gathering systems and/or at gas plants.

27.     Cimarex does not, and has never, paid royalty to Plaintiff and the putative Class on Fuel Gas that Cimarex used, caused to be used and/or allowed third parties to use off the leased premises.

28.     Instead, Cimarex has employed a uniform and systematic methodology for calculating royalty owed to Plaintiff and the putative Class that pays no royalty on Fuel Gas used off Plaintiff's and the putative Class Members' leased property in direct violation of its express duties.

29.     Cimarex's royalty payment methodology—more appropriately, royalty "non-payment" methodology—uniformly breaches the express Fuel Gas Clauses in the oil and gas leases.  As a result, Plaintiff and the other Class Members have been damaged by Cimarex's uniform practice because they have not received the full amount of royalty to which they are entitled.  Indeed, Plaintiff and Class Members have received *no* royalty on volumes of gas to which the express terms of the Fuel Gas Clauses of the oil and gas leases require royalty payment.

30.     Based on information and belief, Cimarex fraudulently concealed the amount and

value of the gas Cimarex has used, caused to be used and/or allowed third parties to use as Fuel Gas from Plaintiff and the putative Class by falsely reporting the gross volume and price of the gas sold on the monthly royalty check counter-foils Cimarex sends to Plaintiff and the Class. Cimarex used these counter-foils to deceive Plaintiff and the putative Class into believing that Cimarex properly paid all royalties owed and had properly accounted to Plaintiff and the Class for all royalty owed. In reality, these counter-foils failed to account for gas used off the leased premises as Fuel Gas, thereby leaving Plaintiff and the putative Class with the false impression that Cimarex has paid royalty on and accounted for *all* of the gas for which Cimarex owes royalty under the oil and gas leases.

31.   Cimarex violated the royalty reporting requirements of the Oklahoma Production Revenue Standards Act ("PRSA") by knowingly and intentionally failing to report to Reirdon and the putative Class the full and correct volume, price and gross value of the gas before deductions for Fuel Gas.

32.   Cimarex has maintained an open account with Plaintiff and the putative Class Members by making prior period adjustments to royalty payments, which further led Plaintiff and the Class to believe that Cimarex had, or would, make proper payment of royalty in compliance with Cimarex's express obligations.

33.   Cimarex is fully aware of its express duties and obligations set forth in the oil and gas leases. Cimarex is fully aware that its uniform royalty payment practice relating to Fuel Gas breaches these duties and obligations. Nevertheless, Cimarex has taken no action to cure these violations of law.

34.   Cimarex's actions go far beyond simple breach of contract and amount to independent tortious conduct resulting in damages to Plaintiff and the putative Class and unjust

enrichment to Cimarex.

35. Cimarex's tortious acts were performed intentionally, maliciously and with utter disregard to the express rights of Plaintiff and the putative Class. Cimarex should be required to pay punitive damages as punishment for its wrongdoing and as an example to deter others who might act in a similar manner.

36. To the extent Cimarex relies on any statute of limitation as a defense, Plaintiff and the putative Class plead that, under the facts at issue here, the doctrines of equitable estoppel or tolling, open account, the discovery rule and/or other defenses apply to toll the running of any statute of limitations.

## I.   BREACH OF CONTRACT

The allegations set forth above are incorporated herein by reference. This claim is made both cumulatively and in the alternative to the other claims made herein.

37. As discussed above, in certain Oklahoma Wells, Plaintiff and other Class Members have a direct contractual relationship with Cimarex by virtue of their direct lessor-lessee relationship.

38. Cimarex has breached the express covenant in each oil and gas lease containing the same or substantially similar language requiring Cimarex to pay lessor "for gas…used off the leased premises, or in the manufacture of products therefrom…or used by lessee off the leased premises for any purpose."

39. Cimarex has used, caused to be used and/or allowed third parties to use gas produced from the Oklahoma Wells as fuel off the leased premises and/or in the manufacture of products therefrom.

40. Cimarex has systematically failed to pay royalty to Plaintiff and the putative Class

on such Fuel Gas through the use of a uniform royalty payment methodology.

41. As a result, Plaintiff and the putative Class have been damaged.

42. In addition, Plaintiff's and the putative Class' claims are based on an open account beginning with the initial royalty payments and still continuing as to each Oklahoma Well.

43. Cimarex has been unjustly enriched as a result of its improper underpayment of royalty.

## II.   TORTIOUS BREACH OF CONTRACT

The allegations set forth above are incorporated herein by reference. This claim is made both cumulatively and in the alternative to each of the other claims made.

44. As discussed above, in certain Oklahoma Wells, Plaintiff and other Class Members have a direct contractual relationship with Cimarex by virtue of their direct lessor-lessee relationship and as third party beneficiaries because of royalty communitization. The relationship of oil and gas lessor-lessee is a special relationship under Oklahoma law.

45. Cimarex's actions amount to much more than a simple breach of contract.

46. Cimarex is guilty of tortious breach of the express covenant contained in the oil and gas leases to pay royalty on Fuel Gas by failing to properly and honestly pay royalty due, resulting in damages to Plaintiff and the putative Class.

47. Cimarex's tortious acts were performed intentionally, maliciously and with utter disregard to the express rights of Plaintiff and the putative Class. Cimarex should pay, in addition to actual damages, punitive damages as a method of punishing Cimarex and setting an example for others.

### III.   UNJUST ENRICHMENT

The allegations set forth above are incorporated herein by reference.  Plaintiff and the putative Class assert a claim for unjust enrichment in the alternative and as a supplement to each of their other claims.

48.   Plaintiff and the putative Class have been damaged and Cimarex has been unjustly enriched as a result of its improper underpayment of royalty.

49.   Plaintiff and the putative Class claim that Cimarex has been unjustly enriched to the extent Cimarex benefitted from the use of money that rightfully should have been paid as royalty on Fuel Gas to Plaintiff and the Class.

### IV.   FRAUD (ACTUAL AND CONSTRUCTIVE) AND DECEIT

The allegations set forth above are incorporated herein by reference.  This claim is made both cumulatively and in the alternative to each of the other claims made.

50.   Cimarex secretly and knowingly underpaid royalties on Oklahoma Wells without the knowledge of Plaintiff and the putative Class.

51.   Cimarex implemented a uniform and systematic payment policy to not pay royalty to Plaintiff and the putative Class on Fuel Gas.  Cimarex made uniform misrepresentations and/or omissions to Plaintiff and the putative Class on their monthly check counter-foils that falsely reported a gross volume and price for the gas that was actually a net volume and price less Fuel Gas.

52.   Cimarex sent these false and misleading monthly statements to Plaintiff and the other Class Members on check counter-foils with the intent that Plaintiff and the Class rely on those false statements.  Cimarex knew Plaintiff and the Class had no choice but to rely on Cimarex's false statements.  And, Plaintiff and the Class did, in fact, rely on these uniform

misrepresentations and/or omissions as being truthful and accurate. Under such circumstances, reliance of the Class is presumed in law and in fact.

53. As a result, Plaintiff and the putative Class have been damaged and Cimarex has been unjustly enriched.

54. Cimarex's tortious acts were performed intentionally, maliciously and with utter disregard to the express rights of Plaintiff and the putative Class. Cimarex should pay, in addition to actual damages, punitive damages as a method of punishing Cimarex and setting an example for others.

## V.   ACCOUNTING

The allegations set forth above are incorporated herein by reference.

55. Cimarex has a duty to timely disclose to Plaintiff and the putative Class the full and true value of the production from the Oklahoma Wells. Cimarex has breached that duty.

56. Specifically, Cimarex has: (1) failed to account to Plaintiff and the putative Class for their proper royalty share of production from the Oklahoma Wells on Fuel Gas; (2) failed to fully account for the full value of production from the Oklahoma Wells; and (3) failed to fully account for the reduction from the value of production from the Oklahoma Wells for Fuel Gas that Cimarex used, caused to be used and/or allowed third parties to use off the leased premises. Plaintiff requests an order from this Court requiring Cimarex to provide a full and complete accounting for all production proceeds and reductions for Fuel Gas from the date Cimarex acquired its working interest until the date of trial in this matter on each Oklahoma Well.

## VI.   INJUNCTION

The allegations set forth above are incorporated herein by reference.

57. Class Members are by and large unsophisticated and without the resources of

Defendants.

58.     Defendants must be restrained from contacting any putative Class Member concerning any issue herein, unless the Court is specifically advised of the proposed communication and approves the content and form of such communication. This judicial scrutiny is necessary to prevent the potential for inadequate, misleading, incomplete, or erroneous representation and communication and to prevent any intimidation, annoyance, harassment, or undue influence.

59.     This Court has discretion to so restrain Defendants pursuant to Federal Rule of Civil Procedure 23(d)(1)(B), which generally provides the Court with authority to enter appropriate orders for the protection of putative members of the Class and for the fair conduct of the action.

60.     Defendants maintain files containing the names and addresses of the putative Class Members. If Defendants are allowed to contact the putative Class Members in an attempt to settle the above claims for inadequate consideration, the damage to the putative Class Members would be irreparable and monetary damages would be insufficient or simply unavailable to compensate them. The Class Members do not have another plain, adequate and speedy remedy at law to protect their interests.

61.     In view of the fact that Cimarex has concealed its actions from Plaintiff and the Class, no detriment will result to Cimarex from such an order. Plaintiff and the putative Class would receive the protection of Federal Rule of Civil Procedure 23(e), which requires that no compromise of any claims be made without approval of the Court upon appropriate notice to all Class Members.

**WHEREFORE,** Plaintiff seeks: (1) an order from this Court allowing this case to

proceed as a class action; (2) judgment for damages as alleged herein against Defendants comprised of: (a) an accounting; (b) damages based on all of the claims made herein; (c) punitive damages; (d) interest; (e) attorney's fees; (f) expert and litigation costs; (g) court costs; (h) an order temporarily restraining Defendants, their agents, servants, employees and attorneys, or person acting for or on Defendants' behalf from contacting any putative Class Member concerning the issues in this action until entry of an order denying class certification; and (i) such other relief as Plaintiff and the putative Class may be entitled to by law or in equity.

**JURY TRIAL DEMANDED**
**ATTORNEY'S LIEN CLAIMED**

DATED: October 14, 2016

*/s/ Brad Beckworth*

Bradley E. Beckworth, OBA No. 19982
Jeffrey J. Angelovich, OBA No. 19981
Susan Whatley, OBA No. 30960
Lisa Baldwin, Texas Bar No. 24069334
John C. Hull, OBA No. 21707
Trey Duck, Texas Bar No. 24077234
Cody L. Hill, Texas Bar No. 24095836
**NIX PATTERSON & ROACH, LLP**
205 Linda Drive
Daingerfield, TX  75638
Telephone: (903) 645-7333
Facsimile: (903) 645-4415
Email:  bbeckworth@nixlaw.com
jangelovich@nixlaw.com
swhatley@nixlaw.com
jhull@nixlaw.com
lbaldwin@nixlaw.com
tduck@nixlaw.com
codyhill@nixlaw.com

Robert N. Barnes, OBA No. 537
Patranell Lewis, OBA No. 12279
**BARNES & LEWIS, LLP**
720 NW 50th Street, Suite 200 B
Oklahoma City, OK 73118
Telephone:  (405) 843-0363

13

Facsimile:  (405) 843-0790
E-mail: rbarnes@barneslewis.com
plewis@barneslewis.com

Michael Burrage, OBA No. 1350
**WHITTEN BURRAGE**
1215 Classen Drive
Oklahoma City, OK 73103
Telephone: (405) 516-7800
Facsimile: (405) 516-7859
mburrage@whittenburragelaw.com

Lawrence R. Murphy, Jr., OBA No. 17681
Mariann M. Robison, OBA No. 30475
**RICHARDS & CONNOR**
ParkCentre Building, 12th Floor
525 South Main Street
Tulsa, OK 74103
Telephone: (918) 585-2394
Facsimile: (918) 585-1449
lmurphy@richardsconnor.com
mrobison@richardsconnor.com

**ATTORNEYS FOR PLAINTIFF**