# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DORSEY J. REIRDON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-16-445-SPS |
| | ) |
| CIMAREX ENERGY COMPANY AND | ) |
| CIMAREX ENERGY CO. OF | ) |
| COLORADO, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter comes before the Court on motion by Defendants Cimarex Energy Company and Cimarex Energy Co. of Colorado (together, "Cimarex") for partial dismissal of the Plaintiff's Complaint for failure to state a claim. For the reasons set forth below, the Court finds that the Defendants' Partial Motion to Dismiss Plaintiff's Original Complaint for Failure to State and Claim and Brief in Support [Docket No. 25] should be hereby GRANTED IN PART and DENIED IN PART.

## BACKGROUND

The Plaintiff alleges in his Complaint that he is a resident of Texas and owns mineral interests in Oklahoma wells operated by Cimarex Energy Co. of Colorado. He contends that Cimarex used, caused to be used, and/or allowed third parties to use natural gas from Oklahoma wells, but that despite express provisions in the oil and gas leases, Cimarex "knowingly and systematically underpaid royalty" to him through a policy of not paying royalties, and that Cimarex failed to disclose on monthly royalty checkstubs

that it "was not paying royalty on the full volume and value of production from the Oklahoma wells."  Docket No. 2, pp. 1-2, ¶¶ 1-6.

In addition to the personal allegations, the Plaintiff asserts that he is acting as representative of a class defined as:

> All non-excluded persons or entities who are or were royalty owners in Oklahoma wells where Cimarex, including its predecessors or affiliates, is or was the well operator and working interest owner (or, as a non-operating working interest owner, Cimarex separately marketed gas), and who, from January 1, 2013 are or were entitled to share in royalty proceeds payable under oil and gas leases that contain an express provision stating that royalty will be paid on gas used off the lease premises and/or in manufacture of products.
>
> The persons or entities excluded from the Class are:  (1) agencies, departments or instrumentalities of the United States of America and the State of Oklahoma; (2) officers of the Court involved in this action; (3) publicly traded oil and gas exploration companies and their affiliates; and (4) persons or entities that Plaintiff's counsel is, or may be prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct.

Docket No. 2, pp. 3-4, ¶ 15.  The class allegations indicate that the common questions of fact include:  (a) whether, under express terms of the oil and gas leases under which Reirdon and the putative Class are entitled to be paid royalty, Cimarex has or had a duty to pay royalty on Fuel Gas; (b) whether Cimarex has paid the full amount of royalty owed on Fuel Gas; and (c) whether Cimarex's uniform royalty payment methodology breaches Cimarex's express duties to pay royalty on Fuel Gas.  *See* Docket No. 2, pp. 4-5, ¶ 19.

The Plaintiff's Complaint sets out the following enumerated causes of action: (I) breach of contract, (II) tortious breach of contract, (III) unjust enrichment, and (IV) fraud (actual and constructive) and deceit, as well as enumerated claims for (V) an

accounting and (VI) an injunction.  The Defendants have moved to dismiss Counts II through VI.

## ANALYSIS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but the statement of the claim under Rule 8(a)(2) must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), *citing Papasan v. Allain,* 478 U.S. 265, 286 (1986).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement . . . To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, *quoting Twombly*, 550 U.S. at 555-557, 570 [internal quotation marks omitted].  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.  "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in h[is] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).  This requires a determination as to "whether the complaint sufficiently

alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007), *quoting Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

**Tortious Breach of Contract.** Cimarex first asserts that the Plaintiff's Count II (Tortious Breach of Contract) should be dismissed for failure to state a claim, and the Court agrees that it should be dismissed. "Oklahoma courts recognize tortious breach of contract only in limited circumstances, such as in the context of certain special relationships." *Davis v. PMA Companies, Inc.*, 2013 WL 866893, at *4 (W.D. Okla. March 7, 2013). "The 'special relationship' that gives rise to tort liability for bad faith is marked by (1) a disparity in bargaining power where the weaker party has no choice of terms, also called an adhesion contract, and (2) the elimination of risk. Tort liability is allowed in these types of contracts, because bad faith, or more properly, breach of the implied duty to deal fairly and in good faith, precipitates the precise economic hardship the contract was intended to avoid." *Embry v. Innovative Aftermarket Systems, L.P.*, 2010 OK 82, ¶ 7, 247 P.3d 1158 (internal citations omitted).

However, this "special relationship" is usually applied in the insurance contract context, and courts are generally hesitant to expand it to include oil and gas leases, as demonstrated by a line of cases from the Western District of Oklahoma. *See, e. g.*, *Hitch Enterprises, Inc. v. Cimarex Energy Co.*, 859 F. Supp. 2d 1249, 1263-1264 (W.D. Okla. 2012) ("The Oklahoma Supreme Court has 'expressed [its] reluctance to extend tort recovery for bad faith beyond the insurance field,' and courts in this judicial district have held that the lessee-royalty owner relationship does not qualify as the type of 'special

relationship' necessary to support these causes of action. Accordingly, the defendants are entitled to dismissal of these claims for relief."), *citing Chieftain Royalty Co. v. Dominion Oklahoma Texas Exploration & Production, Inc.*, 2011 WL 9527717, at *3 (W.D. Okla. July 14, 2011) (dismissing for failure to state a claim where "Plaintiffs have not alleged facts showing the requisite special relationship here, *i. .e.*, that the leases were adhesion contracts which eliminated risk and the Court doubts that an oil and gas lease could give rise to such a special relationship."), *and Morrison v. Anadarko Petroleum Corp.*, 2010 WL 2721397, at *3-4 (W.D. Okla. July 6, 2010). While the Court acknowledges that the Plaintiff has alleged that a special relationship exists here, the Plaintiff's allegation simply states, "The relationship of oil and gas lessor-lessee is a special relationship under Oklahoma law[,]" and that Cimarex's actions are more than a breach of contract. *See* Docket No. 2, p. 9, ¶¶ 44-45. Such conclusory allegations do not establish the Plaintiff's claim. *See McKnight v. Linn Operating, Inc.*, 2010 WL 9039794, at *5-6 (W.D. Okla. April 1, 2010) ("The special considerations at issue in insurance cases simply are not present in this case. . . . [A]lthough courts have recognized a special relationship in the context of royalty owners and operators, the Court does not conclude based on its review of Oklahoma jurisprudence that the existence of such a relationship is sufficient by itself to give rise to a claim for tortious breach of contract or breach of the duty of good faith in every situation where royalty owners perceive underpayment by operators.").

The Plaintiff essentially concedes that other courts have generally declined to extend the special relationship to include oil and gas leases, but asks the Court to find that body of case law to be in error. The Court declines to do so on the basis of the Complaint

at issue in this case. The Court recognizes that "dismissal under Rule 12(b)(6) without affording the plaintiff notice or an opportunity to amend is proper only 'when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-1282 (10th Cir. 2001), *quoting Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nevertheless, the Court finds dismissal with prejudice appropriate as to the Plaintiff's claim for Tortious Breach of Contract. *See Cimarex Energy Co. v. Calhoon*, 2012 WL 1371386, at *4-5 (W.D. Okla. Apr. 19, 2012) ("The purpose of an oil and gas lease is to seek commercial advantage and take associated commercial risks; the purpose is not the elimination of risk as is the purpose of an insurance contract. . . . Because the relationship that exists between Calhoon and Defendants does not constitute the type of 'special relationship' required to extend the tort of bad faith beyond the insurance context, Calhoon's claim for tortious breach of the duty of good faith and fair dealing is dismissed with prejudice.").

**Unjust Enrichment.** Second, Cimarex argues that Count III (Unjust Enrichment) should be dismissed because the Plaintiff has available an adequate remedy at law, namely the breach of contract claim, and that unjust enrichment is therefore not available as an alternative claim. "Generally, where a plaintiff has an adequate remedy at law, the Court will not ordinarily exercise its equitable jurisdiction to grant relief for unjust enrichment. However, a party may allege an equitable claim as an alternative to a contract-based claim so long as the party is not permitted double recovery on the same injury." *Murrah v. EOG Resources, Inc.*, 2011 WL 227652, at *3 (W.D. Okla. Jan. 21,

2011), *citing Burlington Northern and Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1030 (10th Cir. 2007) ("Grant, in turn, argues that because BNSF already has legal claims that will cover the relief sought, its additional claim for unjust enrichment is prohibited. However, Oklahoma courts have squarely rejected this argument. Therefore, while BNSF is not entitled to a double recovery for the same injuries, it is entitled to pursue its unjust enrichment claim as an alternative claim.") (*internal citation omitted*). Accordingly, Cimarex's Motion to Dismiss as to Count III (Unjust Enrichment) is denied.

**Fraud (Actual and Constructive) and Deceit.** Cimarex next contends that Count IV (Fraud (Actual and Constructive) and Deceit) fails for lack of specificity, particularly as to the element of reliance. Under Fed. R. Civ. P. 9(b), "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." In this case, the Plaintiff alleges that Cimarex "secretly and knowingly underpaid royalties on Oklahoma Wells," and "implemented a uniform and systematic payment policy to not pay royalty to Plaintiff . . . on Fuel Gas[,]" including "uniform misrepresentations and/or omissions to Plaintiff . . . on their monthly check counter-foils that falsely reported a gross volume and price for the gas that was actually a net volume and price less fuel gas." Docket No. 2, p. 10, ¶¶ 50-51. Furthermore, Plaintiff alleges that "Cimarex sent these false and misleading monthly statements to Plaintiff . . . on check counter-foils with the intent that Plaintiff . . . rely on those false statements[,]" that "Cimarex knew Plaintiff . . . had no choice but to rely on Cimarex's false statements[,]"

and that "Plaintiff . . did, in fact rely on these uniform misrepresentations and/or omissions as being truthful and accurate." *Id.* at ¶ 52.

In the Tenth Circuit, a Complaint must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000), *quoting Lawrence National Bank v. Edmonds (In re Edmonds)*, 924 F.2d 127, 180 (10th Cir. 1991). The purpose of this requirement is to provide the Defendants with "fair notice of plaintiff's claims and the factual ground upon which [they] are based." *Id.* at 1236-1237 (citations omitted). Additionally, "[u]nder the Supreme Court's plausibility standard, the plaintiffs were required to plead sufficient facts to create a reasonable inference of reliance." *Hitch*, 859 F. Supp. 2d at 1261, *citing Iqbal*, 556 U.S. at 678, *and Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) ("[A] complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.") (quotation omitted). As such, the Court finds that, as in *Hitch*, "[t]he plaintiff['s] allegation of reliance is conclusory and lacking factual specificity. Allegations are not entitled to be assumed to be true when they merely restate the essential elements of a claim rather than provide specific facts to support those elements." *Hitch*, 859 F. Supp. 2d at 1261. *See also Chieftain*, 2011 WL 9527717, at *4 ("Plaintiffs have failed to allege that they relied to their detriment on the alleged false and misleading monthly statements sent by DOTEPI, *and any facts showing that that was the case*.") (emphasis added). Although there may be some information not in the hands of the Plaintiff at this stage of the litigation, that is

not the case with facts establishing a reasonable inference of reliance. Accordingly, Count IV (Fraud (Actual and Constructive) and Deceit) is dismissed without prejudice.

**Accounting and Injunction.** Finally, the Plaintiff set forth Counts V (Accounting) and VI (Injunction) as separately enumerated claims. Cimarex asserts that these are not cognizable claims under Fed. R. Civ. P. 8(a). The Court agrees that these claims for equitable relief necessarily flow out of the base claims of breach of contract and fraud, but finds that separately identifying these requests for relief does not merit dismissal at this stage of the proceedings as it is premature to determine whether one or all of the bases for equitable relief has merit. *See, e. g.*, *Hitch*, 859 F. Supp. 2d at 1258-1259 ("Because certain theories of recovery survive the defendants' instant request for dismissal – theories for which equitable remedies are also available – and because the Court cannot determine at this stage whether these equitable remedies are 'necessary to afford the parties complete relief," the Court finds that the defendants are not entitled at this juncture to dismissal of the plaintiffs' 'claim' for accounting[.]"), *citing Fleet v. Sanguine, Ltd.*, 1993 OK 76, ¶ 19, 854 P.2d 892, 902. As such, Cimarex's motion to dismiss is denied as to Counts V (Accounting) and VI (Injunction).

## CONCLUSION

Consequently, IT IS ORDERED that the Defendants' Partial Motion to Dismiss Plaintiff's Original Complaint for Failure to State and Claim and Brief in Support [Docket No. 25] is hereby GRANTED as to Counts II (Tortious Breach of Contract) and IV (Fraud (Actual and Constructive) and Deceit), and DENIED as to Counts III (Unjust Enrichment), V (Accounting), and VI (Injunction). Furthermore, Count II (Tortious

Breach of Contract) is dismissed with prejudice and Court IV (Fraud (Actual and Constructive) and Deceit) is dismissed without prejudice. Plaintiff is given fourteen days to file an Amended Complaint.

**DATED** this 27th day of September, 2017.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma