# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DORSEY J. REIRDON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. CIV-16-445-SPS |
| | ) |
| **CIMAREX ENERGY COMPANY AND CIMAREX ENERGY CO. OF COLORADO,** | ) ) ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

This matter comes before the Court on motion by Defendants Cimarex Energy Company and Cimarex Energy Company of Colorado (together, "Cimarex") for partial dismissal of the Plaintiffs' Amended Class Action Complaint for failure to state a claim. For the reasons set forth below, the Court finds that the Defendants' Partial Motion to Dismiss Plaintiff's Amended Class Action Complaint for Failure to State a Claim and Brief in Support [Docket No. 44] should be hereby **DENIED**.

## BACKGROUND

The Plaintiff is a resident of Texas and owns mineral interests in Oklahoma wells operated by Cimarex Energy Co. of Colorado. He contends that Cimarex used, caused to be used, and/or allowed third parties to use natural gas from Oklahoma wells, but that despite express provisions in the oil and gas leases, Cimarex "knowingly and systematically underpaid royalty" to him through a policy of not paying royalties for fuel gas, and that Cimarex failed to disclose on monthly royalty checkstubs that it "was not

paying royalty on the full volume and value of production from the Oklahoma wells." Docket No. 43, pp. 1-2, ¶¶ 1-6.

In addition to the personal allegations, Plaintiff assert that he is acting as a representative of a class defined as:

> All non-excluded persons or entities who are or were royalty owners in Oklahoma wells where Cimarex, including its predecessors or affiliates, is or was the well operator and working interest owner (or, as a non-operating working interest owner, Cimarex separately marketed gas), and who, from January 1, 2013 are or were entitled to share in royalty proceeds payable under oil and gas leases that contain an express provision stating that royalty will be paid on gas used off the lease premises and/or in manufacture of products.
>
> The persons or entities excluded from the Class are: (1) agencies, departments or instrumentalities of the United States of America and the State of Oklahoma; (2) officers of the Court involved in this action; (3) publicly traded oil and gas exploration companies and their affiliates; and (4) persons or entities that Plaintiff's counsel is, or may be prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct.

Docket No. 43, pp. 3-4, ¶ 15. The class allegations indicate that the common questions of fact include: (a) whether, under express terms of the oil and gas leases under which Reirdon and the putative Class are entitled to be paid royalty, Cimarex has or had a duty to pay royalty on Fuel Gas; (b) whether Cimarex has paid the full amount of royalty owed on Fuel Gas; and (c) whether Cimarex's uniform royalty payment methodology breaches Cimarex's express duties to pay royalty on Fuel Gas. *See* Docket No. 43, pp. 4-5, ¶ 19.

On October 14, 2016, the Plaintiff filed a Complaint which contained the following causes of action: (I) breach of contract, (II) tortious breach of contract, (III) unjust enrichment, and (IV) fraud (actual and constructive) and deceit, as well as enumerated claims for (V) an accounting and (VI) an injunction. The Defendant moved for dismissal

of all Count II-VI. *See* Docket Nos. 2, 25. This Court denied the motion as to Count III, V, and VI, but granted the motion as to Counts II and IV, dismissing the fraud claim without prejudice and giving Plaintiff fourteen days to amend the Complaint. *See* Docket No. 42. Plaintiff then filed the First Amended Class Action Complaint, Docket No. 43, which sets out the following enumerated causes of action: (I) breach of contract, (II) unjust enrichment, and (III) fraud (actual and constructive) and deceit, as well as enumerated claims for (IV) an accounting and (V) an injunction. The Defendants have again moved to dismiss Count III, the claim of fraud, for failure to state a claim for relief.

## ANALYSIS

Cimarex asserts that the Plaintiffs' claim of fraud in Plaintiff's First Amended Class Action Complaint again fails to state a claim for relief. Specifically, Cimarex argues that the Plaintiffs have failed to allege facts sufficient to establish the element of detrimental reliance. Cimarex thus asserts that Plaintiff's claim of fraud should be dismissed with prejudice.

Under Fed. R. Civ. P. 9(b), "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." In this case, the Plaintiff alleges that Cimarex "secretly and knowingly underpaid royalties on Oklahoma Wells," and "implemented a uniform and systematic payment policy to not pay royalty to Plaintiff . . . on Fuel Gas[,]" including "uniform misrepresentations and/or omissions to Plaintiff . . . on their monthly check counter-foils that falsely reported a gross volume and price for the gas that was actually a net volume and price less fuel gas." Docket No. 43,

p. 12, ¶¶ 53-54. Furthermore, Plaintiff alleges that Cimarex sent these royalty checks, along with a "remittance statement," every month, and that Plaintiff received a royalty check and remittance statement every month. *Id.*, at ¶ 55.

As to reliance, Plaintiff alleges that these monthly remittance statements "purport to report the gross volume and gross value of *all* the natural gas 9and all of its constituents) produced," and that "Cimarex knew Plaintiff [] had no choice by to rely on Cimarex's false statements as truthful and accurate" because "Plaintiff [] lacked access to Cimarex's internal records that Plaintiff [] could use to verify the truth and accuracy of Cimarex's monthly representations. *Id.*, at ¶¶ 57-58. Moreover, he alleges that he "acted in reliance on Cimarex's uniform misrepresentations and/or omissions by accepting and cashing their monthly royalty checks under the impression that these checks fully compensated them for all of the royalty to which they were entitled" and that this reliance was detrimental "because it enabled Cimarex to use funds for years that were rightfully owed to Plaintiff[.]" *Id.*, at ¶ 59.

As this Court stated in its previous Order, *see* Docket No. 42, in the Tenth Circuit, a Complaint alleging fraud must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000), *quoting Lawrence National Bank v. Edmonds (In re Edmonds)*, 924 F.2d 127, 180 (10th Cir. 1991). The purpose of this requirement is to provide the Defendants with "fair notice of plaintiff's claims and the factual ground upon which [they] are based." *Id.* at 1236-1237 (citations omitted). Additionally, "[u]nder the Supreme Court's plausibility standard, the plaintiffs

were required to plead sufficient facts to create a reasonable inference of reliance." *Hitch Enterprises, Inc. v. Cimarex Energy Co.*, 859 F. Supp. 2d 1249, 1261 (W.D. Okla. 2012), *citing Iqbal*, 556 U.S. at 678, *and Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) ("[A] complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.") (quotation omitted).

As to the Plaintiff's Amended Class Action Complaint, the Court finds that Plaintiff has met these standards at this early stage of the litigation and in light of the allegedly uneven positions of the parties with regard to information. *See Reirdon v. Cimarex Energy Co.*, 2016 WL 4991552, at *3 (E.D. Okla. Sept. 16, 2016) ("At this early stage of the litigation, Plaintiff minimally sets forth the facts surrounding the alleged fraud, given the factual basis for the claims. . . . Given the allegedly uneven positions of the parties with regard to the information upon which the claim of fraud is based, Plaintiff has plead as particularly as the facts allow."). *See also Cecil v. BP America Production Co.*, 2017 WL 2987174, at *3 (E.D. Okla. March 20, 2017) ("In fact, Plaintiff alleged each element, including detrimental reliance.").

## CONCLUSION

Consequently, IT IS ORDERED that the Defendants' Partial Motion to Dismiss Plaintiff's Amended Class Action Complaint for Failure to State a Claim and Brief in Support [Docket No. 44] is hereby DENIED.

**DATED** this 21st day of March, 2019.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma