# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DORSEY J. REIRDON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-16-445-SPS |
| | ) |
| **CIMAREX ENERGY COMPANY AND** | ) |
| **CIMAREX ENERGY CO. OF** | ) |
| **COLORADO,** | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter comes before the Court on partial motion for summary judgment by Defendants Cimarex Energy Company and Cimarex Energy Company of Colorado (together, "Cimarex"). For the reasons set forth below, the Defendants' Motion for Summary Judgment on All Claims Associated with the Sinclair Leases and Brief in Support [Docket No. 54] is DENIED.

**Procedural History**

Plaintiff filed this case in this Court on October 14, 2016. Docket Nos. 1-2. On January 19, 2017, this Court held a status and scheduling conference, at which time the Court granted the parties leave to file a series of partial summary judgment motions without prejudice to ultimately filing a summary judgment motion on the main merits of the case. Docket No. 37. Plaintiff filed an Amended Class Action Complaint on October 11, 2017, following this Court's ruling on a partial Motion to Dismiss. Docket Nos. 25, 42, 43. Defendants then filed a series of partial summary judgment motions. Docket Nos. 53-55.

The Court then stayed the case on June 26, 2018, pending formal mediation by the parties, and the case was thereafter reopened following the conclusion of mediation on September 25, 2018. Docket Nos. 78, 81. Plaintiff contends in the Amended Class Action Complaint that Cimarex used, caused to be used, and/or allowed third parties to use natural gas from Oklahoma wells, but that despite express provisions in the oil and gas leases, Cimarex "knowingly and systematically underpaid royalty" to him through a policy of not paying royalties for fuel gas, and that Cimarex failed to disclose on monthly royalty checkstubs that it "was not paying royalty on the full volume and value of production from the Oklahoma wells." Docket No. 43, pp. 1-2, ¶¶ 1-6.

In addition to the personal allegations, Plaintiff asserts that he is acting as a representative of a class defined as:

> All non-excluded persons or entities who are or were royalty owners in Oklahoma wells where Cimarex, including its predecessors or affiliates, is or was the well operator and working interest owner (or, as a non-operating working interest owner, Cimarex separately marketed gas), and who, from January 1, 2013 are or were entitled to share in royalty proceeds payable under oil and gas leases that contain an express provision stating that royalty will be paid on gas used off the lease premises and/or in manufacture of products.
>
> The persons or entities excluded from the Class are: (1) agencies, departments or instrumentalities of the United States of America and the State of Oklahoma; (2) officers of the Court involved in this action; (3) publicly traded oil and gas exploration companies and their affiliates; and (4) persons or entities that Plaintiff's counsel is, or may be prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct.

Docket No. 43, pp. 3-4, ¶ 15. The class allegations indicate that the common questions of fact include: (a) whether, under express terms of the oil and gas leases under which Reirdon and the putative Class are entitled to be paid royalty, Cimarex has or had a duty to

2

pay royalty on Fuel Gas; (b) whether Cimarex has paid the full amount of royalty owed on Fuel Gas; and (c) whether Cimarex's uniform royalty payment methodology breaches Cimarex's express duties to pay royalty on Fuel Gas. *See* Docket No. 43, pp. 4-5, ¶ 19. Plaintiff's First Amended Class Action Complaint sets out the following enumerated causes of action: (I) breach of contract, (II) unjust enrichment, and (III) fraud (actual and constructive) and deceit, as well as enumerated claims for (IV) an accounting and (V) an injunction. As to the breach of contract claim, at issue here, the Plaintiff alleges that the Defendants breached the express covenant in each oil and gas lease containing language related to "gas . . . used off the leased premises, or in the manufacture of products therefrom . . . or used by lessee off the lease premises for any purpose." Docket no. 43, p. 11. Specifically, Plaintiff alleges that the Defendants "systematically failed to pay royalty to Plaintiff and the putative Class on such Fuel Gas through the use of a uniform royalty payment methodology." *Id.*[1]

## Law Applicable

Summary judgment is appropriate if the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party must show the absence of a genuine issue of material fact, *see Celotex Corp. v. Catrett*, 477 U.S. 317,

---

[1] Because a class has not been certified, the Court is only addressing the specific claims of Plaintiff, and potential claims of putative class members are not addressed.

325 (1986), with the evidence taken in the light most favorable to the non-moving party, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). However, "a party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . or . . . showing that the materials cited do not establish the absence or presence of a genuine dispute[.]" Fed. R. Civ. P. 56(c).

**Factual Background**

The undisputed facts reflect that Magnum Hunter, a wholly owned subsidiary of Cimarex Energy Co. is the lessee, but Cimarex distributes the royalties associated with the oil and gas wells and leases at issue in this lawsuit. Magnum Hunter sells the gas to Madill Gas Processing Company, L.L.C. ("Madill"), and delivers the gas to Madill at or near Madill's North Madill Compressor Station in Marshall County, Oklahoma. A pro rata share of the gas is used off the leased premises as Fuel Gas to power compressors which move the gas from the leased premises to Madill's gas processing plan. A pro rata share is also used to power machinery and equipment at Madill's gas processing plant, including compressors, an amine treater, and generators.

After the initiation of this lawsuit, Defendants paid royalties on the value of the Fuel Gas used off premises to power the compressors and amine treater from January 1, 2013 to present, but to date have not paid royalties on a pro rata share of Fuel Gas used off the leased premises to: (i) cryogenically process gas into natural gas liquids and residue gas, (ii) deliver gas from the plant to a residue gas pipeline at the plaint tailgate, and (iii) run generators that were used to power the Madill processing plant before it switched to electrical power in April 2014.

As to the present partial motion for summary judgment, Cimarex seeks summary judgment with regard to Plaintiff's breach of contract claims for royalties as they apply to two December 21, 1945 oil and gas leases: (i) between George W. Taliaferro (lessor) and Sinclair Prairie Oil Company (lessee), and (ii) between B.N. Taliaferro (lessor) and Sinclair Prairie Oil Company (lessee) (collectively, "the Sinclair Leases").

**Analysis**

Cimarex asserts that the gas consumed as Fuel Gas is not royalty bearing under the express language of the Sinclair Leases because it has not been used *by the lessee* off the leased premises.

The relevant royalty clause in the Sinclair leases states as follows:

> The lessee shall pay the lessor . . . If utilized by lessee, one-eighth of the value at the mouth of the well, computed at the prevailing market price, of the gas, including casinghead gas produced from any well and used by lessee off the leased premises for any purposes, or used on the leased premises by the lessee for purpose other than the development and operation thereof.

Docket No. 54, Ex. 2, p. 2.

Under Oklahoma law, "[a]lthough oil and gas leases are to be construed against lessee and in favor of lessor, the contract must be taken as a whole so as to give effect to every part using each clause to help interpret the others and that apply the related rule of interpretation, that the intention of the parties is to be ascertained from the writing alone if possible." *Roye Realty & Developing, Inc. v. Watson*, 1996 OK 93, ¶ 33, 2 P.3d 320, 329 (internal citations and quotations omitted). In examining an oil and gas lease, the Court is to "use the plain meaning of the terms when doing so." *Mittelstaedt v. Santa Fe Minerals, Inc.*, 1998 OK 7, ¶ 9, 954 P.2d 1203, 1206. This requires complying with the "reasonable

intendment of the parties, if ascertainable from within four corners of the contract." *Davon Drilling Co. v. Ginder*, 1970 OK 51, ¶ 11, 467 P.2d 470, 472.  Further, "[t]he whole of the contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the others."  15 Okla. Stat. § 157.  However, it is "[a] fundamental precept of contract law in Oklahoma [] that the law will not make a better contract than the parties themselves entered." *Roye Realty*, 1996 OK 93, ¶ 33, 2 P.3d at 329.

Defendants contend that Plaintiff is only entitled to royalties on Fuel Gas *used by the lessee* off the leased premises. Defendants point out that they are not the lessee here. Furthermore, they assert that their wholly owned subsidiary Magnum Hunter, the actual lessee, does not utilize gas production as Fuel Gas off the leased premises, although the Court notes that midstream company Madill *does*.  As such, Defendants' argument is that because neither utilizes gas off the leased premises, no royalties are owed.

Here, Magnum Hunter is a wholly owned subsidiary of Cimarex Energy Co., and Cimarex Energy Co. distributes royalties to Plaintiff in accordance with the terms of the Sinclair Leases.  Under Oklahoma law, Cimarex is responsible for paying the royalties in accordance with the applicable lease terms.  *See* 52 Okla. Stat. § 570.4 ("Each producing owner shall pay or cause to be paid to the operator the royalty share of its gas sales proceeds, valued according to such producing owner's lease terms[.]").  Accordingly, the Court finds Cimarex the responsible party for any royalties owed under the lease terms. The remaining question, therefore, is whether royalties are owed for Fuel Gas off the leased premises by Madill.

As stated above, Defendants contend that neither they nor Magnum Hunter utilize gas off the leased premises. Plaintiff contends that Defendants *do*, by giving it to Madill, and that they do so without receiving compensation for such gas in return. Plaintiff thus argues that Defendants should not be permitted to avoid the royalty obligations by allowing a third party to do what the lease prohibits Defendants from doing. Plaintiff asserts that this neither gives effect to the intent of the parties at the time the lease was signed, nor does it avoid an absurd or unreasonable result. *See City of McAlester v. Malone*, 1952 OK 172, ¶ 15, 243 P.2d 667, 669 ("[T]he intent of the parties is to be ascertained from the language used in the contract, if it is clear and does not involve an absurdity."). *See also* 15 Okla. Stat. § 154 ("The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity.").

The Plaintiff further contends that Defendants' arguments are countermanded by their very own actions in their corporate royalty payment policy. Although the corporate royalty payment policy *may* be an indication of the corporation's beliefs regarding its contractual obligations, nevertheless, the Court looks only to the language of the contracts at issue here. *See* 15 Okla. Stat. § 154 ("The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity.").

Turning again to the lease language at issue, the Sinclair Leases state:

> The lessee shall pay the lessor . . . If utilized by lessee, one-eighth of the value at the mouth of the well, computed at the prevailing market price, of the gas, including casinghead gas produced from any well and used by lessee off the leased premises for any purposes, or used on the leased premises by the lessee for purpose other than the development and operation thereof.

7

Docket No. 54, Ex. 2, p. 2. Plaintiff points to *Pummill v. Hancock Exploration LLC, et al.*, an Oklahoma District Court decision in which two royalty clauses were at issue: (i) "To pay lessor for gas from each well where gas only is found, the equal one-eighth (1/8) of the gross proceeds at the prevailing market rate, for all gas used off the premises, said payments to be made monthly;" and (ii) "To pay lessor for gas of whatsoever nature or kind produced and sold or used off the premises, or used in the manufacture of any products therefrom, one-eighth (1/8) at the market price at the well for the gas sold, used off the premises, or in the manufacture of products therefrom, said payment to be made monthly." Docket No. 65, Ex. 1, *Pummill et al. v. Hancock Exploration LLC, et al.*, Case No. CV-2011-82, p. 48, ¶ 38 (Okla. Dist. Ct. Grady Cty. Feb. 9, 2016) (*Pummill* Order II). In addressing this language, the Oklahoma District Court held that "Defendants owe royalty on gas from the well used off the lease by Defendants (or midstream companies through whom Defendants market gas) in gas gathering systems, gas plants and transmission pipelines per the express terms of the Plaintiffs' leases." *Id.* at p. 51, ¶ 45. On appeal, the Oklahoma Court of Civil Appeals found no error in this holding, noting that the Defendants in that case (which included the Defendants in this case) did not challenge this finding. *Pummill, et al. v. Hancock Exploration, et al.*, 2018 OK CIV APP 48, ¶ 46, 419 P.3d 1268, 1280, *cert. denied* Case No. 114703 (May 21, 2018). The Plaintiff has also provided supplemental authority in support of these arguments. Plaintiff points to *Chieftain Royalty Co., et el. V. Apache Corp.*, Case No. CJ-2012-81, p. 14 (Dist. Ct. Caddo Cty. Jan. 24, 2019), in which the District Court held that Apache Corporation was "obligated to pay royalty on gas from Plaintiffs' wells used off the lease by Apache (or a midstream gas gathering and/or

8

processing company through whom Apache markets gas) as fuel or otherwise in gathering systems and gas plants." Docket No. 91, Ex. 2. In making this finding, the Court stated that, "If the parties intended the lease to allow the lessee (or any person taking through or contracting with the lessee) use of gas off the lease without paying royalty on such gas, they would not have expressly included a clause governing off lease use of gas in the royalty clause." *Id.* at p. 13.

Defendants assert that the *Pummill* case is not binding precedent and is irrelevant because the Sinclair Leases and the leases in *Pummill* are materially different. The Court finds, however, that the leases are not materially different. But Defendants also contend that they do not utilize gas production associated with the Sinclair Leases as off-lease Fuel Gas, and that Madill's use of off-lease Fuel Gas should *not* be attributed to Magnum Hunter and the Defendants. Defendants contend that they, through Magnum Hunter, receive consideration for 100% of the gas conveyed to Madill pursuant to a pricing formula as part of their gas purchase contract. Plaintiff, however, asserts that Magnum Hunter utilizes gas off the premises by giving Fuel Gas to Madill and allowing Madill to use such Fuel Gas without compensation, thereby depriving them of owed royalties. Because this appears to be a question of fact, Defendants are not entitled to judgment as a matter of law in this regard.

In sum, the Court further finds that Defendants are the responsible parties for royalties under the lease, and that there is a genuine issue of material fact as to whether off-lease Fuel Gas is utilized by the lessee and/or a midstream company through whom

Defendants market gas, *see Pummill* Order II, p. 51, ¶ 45. Accordingly, summary judgment is DENIED as to the Sinclair Leases.

## CONCLUSION

Consequently, IT IS ORDERED that the Defendants' Motion for Summary Judgment on All Claims Associated with the Sinclair Leases and Brief in Support [Docket No. 54] is hereby DENIED.

**DATED** this 21st day of March, 2019.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma