# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DORSEY J. REIRDON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-16-445-SPS |
| | ) |
| **CIMAREX ENERGY COMPANY AND** | ) |
| **CIMAREX ENERGY CO. OF** | ) |
| **COLORADO,** | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter comes before the Court on partial motion for summary judgment by Defendants Cimarex Energy Company and Cimarex Energy Company of Colorado (together, "Cimarex"). For the reasons set forth below, the Defendants' Motion for Summary Judgment on All Claims Associated with the Beard Leases and Brief in Support [Docket No. 55] is DENIED.

**Procedural History**

Plaintiff filed this case in this Court on October 14, 2016. Docket Nos. 1-2. On January 19, 2017, this Court held a status and scheduling conference, at which time the Court granted the parties leave to file a series of partial summary judgment motions without prejudice to ultimately filing a summary judgment motion on the main merits of the case. Docket No. 37. Plaintiff filed an Amended Class Action Complaint on October 11, 2017, following this Court's ruling on a partial Motion to Dismiss. Docket Nos. 25, 42, 43. Defendants then filed a series of partial summary judgment motions. Docket Nos. 53-55.

The Court then stayed the case on June 26, 2018, pending formal mediation by the parties, and the case was thereafter reopened following the conclusion of mediation on September 25, 2018. Docket Nos. 78, 81. Plaintiff contends in the Amended Class Action Complaint that Cimarex used, caused to be used, and/or allowed third parties to use natural gas from Oklahoma wells, but that despite express provisions in the oil and gas leases, Cimarex "knowingly and systematically underpaid royalty" to him through a policy of not paying royalties for fuel gas, and that Cimarex failed to disclose on monthly royalty checkstubs that it "was not paying royalty on the full volume and value of production from the Oklahoma wells." Docket No. 43, pp. 1-2, ¶¶ 1-6.

In addition to the personal allegations, Plaintiff asserts that he is acting as a representative of a class defined as:

> All non-excluded persons or entities who are or were royalty owners in Oklahoma wells where Cimarex, including its predecessors or affiliates, is or was the well operator and working interest owner (or, as a non-operating working interest owner, Cimarex separately marketed gas), and who, from January 1, 2013 are or were entitled to share in royalty proceeds payable under oil and gas leases that contain an express provision stating that royalty will be paid on gas used off the lease premises and/or in manufacture of products.
>
> The persons or entities excluded from the Class are: (1) agencies, departments or instrumentalities of the United States of America and the State of Oklahoma; (2) officers of the Court involved in this action; (3) publicly traded oil and gas exploration companies and their affiliates; and (4) persons or entities that Plaintiff's counsel is, or may be prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct.

Docket No. 43, pp. 3-4, ¶ 15. The class allegations indicate that the common questions of fact include: (a) whether, under express terms of the oil and gas leases under which Reirdon and the putative Class are entitled to be paid royalty, Cimarex has or had a duty to

2

pay royalty on Fuel Gas; (b) whether Cimarex has paid the full amount of royalty owed on Fuel Gas; and (c) whether Cimarex's uniform royalty payment methodology breaches Cimarex's express duties to pay royalty on Fuel Gas. *See* Docket No. 43, pp. 4-5, ¶ 19. Plaintiff's First Amended Class Action Complaint sets out the following enumerated causes of action: (I) breach of contract, (II) unjust enrichment, and (III) fraud (actual and constructive) and deceit, as well as enumerated claims for (IV) an accounting and (V) an injunction. As to the breach of contract claim, at issue here, the Plaintiff alleges that the Defendants breached the express covenant in each oil and gas lease containing language related to "gas . . . used off the leased premises, or in the manufacture of products therefrom . . . or used by lessee off the lease premises for any purpose." Docket no. 43, p. 11. Specifically, Plaintiff alleges that the Defendants "systematically failed to pay royalty to Plaintiff and the putative Class on such Fuel Gas through the use of a uniform royalty payment methodology." *Id.*[1]

## Law Applicable

Summary judgment is appropriate if the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party must show the absence of a genuine issue of material fact, *see Celotex Corp. v. Catrett*, 477 U.S. 317,

---

[1] Because a class has not been certified, the Court is only addressing the specific claims of Plaintiff, and potential claims of putative class members are not addressed.

325 (1986), with the evidence taken in the light most favorable to the non-moving party, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). However, "a party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . or . . . showing that the materials cited do not establish the absence or presence of a genuine dispute[.]" Fed. R. Civ. P. 56(c).

**Factual Background**

The undisputed facts reflect that Magnum Hunter, a wholly owned subsidiary of Cimarex Energy Co. is the lessee, but Cimarex distributes the royalties associated with the oil and gas wells and leases at issue in this lawsuit. Magnum Hunter sells the gas to Madill Gas Processing Company, L.L.C. ("Madill"), and delivers the gas to Madill at or near Madill's North Madill Compressor Station in Marshall County, Oklahoma. A pro rata share of the gas is used off the leased premises as Fuel Gas to power compressors which move the gas from the leased premises to Madill's gas processing plan. A pro rata share is also used to power machinery and equipment at Madill's gas processing plant, including compressors, an amine treater, and generators.

After the initiation of this lawsuit, Defendants paid royalties on the value of the Fuel Gas used off premises to power the compressors and amine treater from January 1, 2013 to present, but to date have not paid royalties on a pro rata share of Fuel Gas used off the leased premises to: (i) cryogenically process gas into natural gas liquids and residue gas, (ii) deliver gas from the plant to a residue gas pipeline at the plaint tailgate, and (iii) run generators that were used to power the Madill processing plant before it switched to electrical power in April 2014.

As to the present partial motion for summary judgment, Cimarex seeks summary judgment with regard to Plaintiff's breach of contract claims for royalty as they apply to two July 29, 1953 oil and gas leases: (i) between G.W. Taliaferro (lessor) and Wayne W. Beard (lessee), and (ii) between B.N. Taliaferro (lessor) and Wayne W. Beard (lessee) (collectively, "the Beard Leases").

**Analysis**

Cimarex asserts that the gas consumed as Fuel Gas off the leased premises is not royalty bearing under the express language of the Beard Leases because it has been used for purposes of developing the leased premises. The relevant royalty clause in the Beard leases states as follows:

> And where gas only is found, one-eighth of the value of all raw gas at the mouth of the well, while said gas is being used or sold off the premises, payment for gas so used or sold to be made monthly.

Docket No. 55, Ex. 2, p. 2. Additionally, the Lease contains a "free use" clause which states: "Lessee shall have the right to use, free of cost, gas, oil and water produced on said land for its operations thereon, except water from the wells of lessor." *Id.*

As an initial matter, Defendants attempt to evade responsibility by asserting that they are not the lessee. Here, Magnum Hunter is a wholly owned subsidiary of Cimarex Energy Co., and Cimarex Energy Co. distributes royalties to Plaintiff in accordance with the terms of the Sinclair Leases. Under Oklahoma law, Cimarex is responsible for paying the royalties in accordance with the applicable lease terms. *See* 52 Okla. Stat. § 570.4(B) ("Each producing owner shall pay or cause to be paid to the operator the royalty share of its gas sales proceeds, valued according to such producing owner's lease terms[.]").

5

Accordingly, the Court finds Cimarex the responsible party for any royalties owed under the lease terms. The remaining question, therefore, is whether royalties are owed for all Fuel Gas used off the leased premises.

Under Oklahoma law, "[a]lthough oil and gas leases are to be construed against lessee and in favor of lessor, the contract must be taken as a whole so as to give effect to every part using each clause to help interpret the others and that apply the related rule of interpretation, that the intention of the parties is to be ascertained from the writing alone if possible." *Roye Realty & Developing, Inc. v. Watson*, 1996 OK 93, ¶ 33, 2 P.3d 320, 329 (internal citations and quotations omitted). In examining an oil and gas lease, the Court is to "use the plain meaning of the terms when doing so." *Mittelstaedt v. Santa Fe Minerals, Inc.*, 1998 OK 7, ¶ 9, 954 P.2d 1203, 1206. This requires complying with the "reasonable intendment of the parties, if ascertainable from within four corners of the contract." *Davon Drilling Co. v. Ginder*, 1970 OK 51, ¶ 11, 467 P.2d 470, 472. Further, "[t]he whole of the contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the others." 15 Okla. Stat. § 157. However, it is "[a] fundamental precept of contract law in Oklahoma [] that the law will not make a better contract than the parties themselves entered." *Roye Realty*, 1996 OK 93, ¶ 33, 2 P.3d at 329.

This case turns on contract interpretation of the royalty and "free use" clauses, and how they are interpreted both separately and together. Defendants contend that controlling Oklahoma Supreme Court precedent does not permit Plaintiff to recover royalties on all Fuel Gas consumed off the leased premises. Defendants assert instead that, pursuant to the

free use clause, the lessee has the right to the free use of gas, regardless of whether it is consumed on or off the leased premises, so long as it is used for the development of the leased premises. *See Mussellem v. Magnolia Petroleum Co.*, 1924 OK 297, ¶ 40 231 P. 526, 531 ("The words 'off the premises' had no other meaning to the parties, than if the gas was appropriated to a purpose foreign to utilization for the benefit of development of the property itself. In other words, it did not have particular reference to place where used, but the purpose and objects of its use, to wit, one foreign to the development of the premises in question."). In essence, their contention is that the "free use" clause acts in cooperation with the royalty clause to mean that Plaintiff is owed royalty on all gas used off the premises, excepting Fuel Gas defined in the "free use" clause as benefitting the leased premises, *i. e.*, that a harmonized reading of the royalty clause and the free use clause allows the lessee the right to free gas when it is used in conjunction with the development of the leased premises, even if the gas is consumed at a physical location off the lease. Furthermore, they contend that any contrary reading would require a single lessor to bear the burden of all fuel consumption where lessees concentrate all post-production activities on land covered by a single lease, even where multiple leases would benefit from the activities.

In addition to *Mussellem*, Defendants point to a line of cases interpreting New Mexico and North Dakota law. The New Mexico Supreme Court noted that "a lessee's right to use gas in the operations of the leased premises is not without limits and is generally interpreted as being limited to the leased premises unless the clause expressly states otherwise[,]" but ultimately held that "because field and plant fuel is used as partial

compensation for post-production service providers and because they do not derive proceeds from such use, they do not have to pay royalties on such fuel." *ConocoPhillips Co. v. Lyons*, 299 P.3d 844, 855-856 (N.M. 2012) ("Lessees are entitled to the free use of both plant and field fuel so long as it was used in the operation of the lease."). Additionally, the Tenth Circuit applied New Mexico law to hold as follows:

> Thus, the phrase "operations thereon" in the Anderson and Pritchett Trusts' "free use" clause is not a limitation on where the use of the gas may occur but rather a limitation on the purposes for which the gas may be used—furtherance of the lease operations. That is an expansive provision, easily satisfied in this case. Gas is provided to third-party processors as partial payment for the services they render in making the gas marketable (and the Trusts' royalty payments are only reduced by their pro-rata share of the expense). That furthers the lease operations. Without it, there would be no viable market for the product.

*Anderson Living Tr. v. Energen Res. Corp.*, 886 F.3d 826, 845 (10th Cir. 2018). Likewise, the North Dakota Supreme Court held that "[t]he record demonstrates the residue gas is used in furtherance of overall lease operations because it is used to fuel equipment which separates the oil, gas and water into separate streams, thereby allowing the Little Knife Gas Plant to process the gas into a marketable product and to recover other products sold at the plant tailgate. Since the residue gas is used in furtherance of the leased operations, we conclude the district court did not err in determining the 'free use' clause allowed Petro-Hunt to use the residue gas off of the leased premises to fuel the central tank batteries." *Bice v. Petro-Hunt, L.L.C.*, 768 N.W.2d 496, 503 (N.D. 2009).

Defendants also point to an Oklahoma District Court case, *Rapp v. Dorchester Hugoton, Ltd.*, Case No. CJ-2004-60 (Okla. Dist. Ct. Tex. Cty. June 30, 2011), which held that "[t]hese clauses each provide that royalty is payable with respect only to any gas that

8

is 'marketed' or sold.' This clearly comports to the interpretation of the 'free gas' clause as noted above in that only the amounts of gas that are so marketed or sold, not the gas used to fuel the compressors, requires payment of royalty. The gas used to fuel the compressors may be used by Dorchester free of cost, or free of any royalty payment. Therefore, these royalty provisions support and comport to the interpretation of the 'free gas' clause noted herein." Docket No. 55, Ex. 5.

The Plaintiff first contends that Defendants' arguments are countermanded by their very own actions in their corporate royalty payment policy. Although the corporate royalty payment policy *may* be an indication of the corporation's beliefs regarding its contractual obligations, nevertheless, the Court looks only to the language of the contracts at issue under the breach of contract claim. *See* 15 Okla. Stat. § 154 ("The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity.").

In focusing on the lease language at issue here, however, Plaintiff contends that a recent Oklahoma law is contrary to the line of cases cited by Defendants interpreting New Mexico and North Dakota law. Plaintiff points to a case out of Grady County in which the lease language of two royalty clauses appears to be substantively similar to the Beard Leases. There, the two royalty clauses at issue stated as follows: (i) "To pay lessor for gas from each well where gas only is found, the equal one-eighth (1/8) of the gross proceeds at the prevailing market rate, for all gas used off the premises, said payments to be made monthly;" and (ii) "To pay lessor for gas of whatsoever nature or kind produced and sold or used off the premises, or used in the manufacture of any products therefrom, one-eighth

9

(1/8) at the market price at the well for the gas sold, used off the premises, or in the manufacture of products therefrom, said payment to be made monthly." Docket No. 63, Ex. 1, *Pummill v. Hancock Exploration LLC, et al.*, Case No. CV-2011-82, p. 48, ¶ 38 (Okla. Dist. Ct. Grady Cty. Feb. 9, 2016) (*Pummill* Order II). The Beard Leases, similarly, contain royalty clauses that state:

> And where gas only is found, one-eighth of the value of all raw gas at the mouth of the well, while said gas is being used or sold off the premises, payment for gas so used or sold to be made monthly.

Docket No. 55, Ex. 2, p. 2. And the "free use" clause, again, states: "Lessee shall have the right to use, free of cost, gas, oil and water produced on said land for its operations thereon, except water from the wells of lessor." *Id.*

In addressing this language, the Oklahoma District Court held in *Pummill* that "Defendants owe royalty on gas from the well used off the lease by Defendants (or midstream companies through whom Defendants market gas) in gas gathering systems, gas plants and transmission pipelines per the express terms of the Plaintiffs' leases." Docket No. 63, Ex. 1, *Pummill* Order II, p. 51, ¶ 45. On appeal, the Oklahoma Court of Civil Appeals found no error in this holding, noting that the Defendants in that case (which included the Defendants in this case) did not challenge this finding. *Pummill, et al. v. Hancock Exploration, et al.*, 2018 OK CIV APP 48, ¶ 46, 419 P.3d 1268, 1280, *cert. denied* Case No. 114703 (May 21, 2018). Moreover, the District Court for the Western District of Oklahoma has used the marketable condition rule to hold that "Oklahoma courts would not allow the various 'free use' clauses, or the implied right of free use, to be employed to pass on a substantial portion of the post-production treatment costs to those lessors with

market value leases." *Roberts Ranch Co v. Exxon Corp.*, 43 F. Supp. 2d 1252, 1256-1257 (W.D. Okla. 1997). *See also Wood v. TXO Production Corp.*, 1992 OK 100, ¶ 5, 854 P.2d 880, 881 (in applying the implied duty to market, "We are not, based upon the facts before us, prepared to require the lessor to bear compression costs as a matter of law where there is no agreement between the lessor and lessee to share those costs.").

Since the filing of the originally summary judgment motion, the Plaintiff has provided supplemental authority in support of these arguments. Plaintiff points to *Chieftain Royalty Co., et el. V. Apache Corp.*, Case No. CJ-2012-81, p. 14 (Dist. Ct. Caddo Cty. Jan. 24, 2019), *see* Docket No. 91, Ex. 2, in which the District Court held that Apache Corporation was "obligated to pay royalty on gas from Plaintiffs' wells used off the lease by Apache (or a midstream gas gathering and/or processing company through whom Apache markets gas) as fuel or otherwise in gathering systems and gas plants." In making this finding, the Court stated that, "If the parties intended the lease to allow the lessee (or any person taking through or contracting with the lessee) use of gas off the lease without paying royalty on such gas, they would not have expressly included a clause governing off lease use of gas in the royalty clause." *Id.* at p. 13. Plaintiff thus asserts that he is entitled to royalties on the Fuel Gas used off the leased premises.

The Court acknowledges that the decisions from the Oklahoma Courts of Civil Appeals are persuasive rather than precedential authority, but nevertheless finds them well taken. As such, the Court finds that a harmonized reading of the royalty clause and the "free use" clause require Defendants to pay royalty on gas from the Plaintiff's wells used – whether used by Defendants, or by a midstream gas gathering and/or processing company

– off the lease as fuel or otherwise in gas gathering systems, gas plants, and transmission pipelines, and that the "free use" clause applies to gas on the leased premises only. Accordingly, summary judgment is hereby DENIED as to the Beard Leases.

## CONCLUSION

Consequently, IT IS ORDERED that the Defendants' Motion for Summary Judgment on All Claims Associated with the Beard Leases and Brief in Support [Docket No. 55] is hereby DENIED.

**DATED** this 21st day of March, 2019.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma