# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DORSEY J. REIRDON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-16-445-SPS |
| | ) |
| **CIMAREX ENERGY COMPANY, AND** | ) |
| **CIMAREX ENERGY CO. OF** | ) |
| **COLORADO,** | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter comes before the Court on partial motion for summary judgment by Defendants Cimarex Energy Company and Cimarex Energy Company of Colorado (together, "Cimarex"). For the reasons set forth below, the Defendants' Partial Motion for Summary Judgment on Plaintiff's Non-Contract Claims and Brief in Support [Docket No. 83] is GRANTED IN PART and DENIED IN PART.

### Procedural History

Plaintiff filed this case in this Court on October 14, 2016. Docket Nos. 1-2. On January 19, 2017, this Court held a status and scheduling conference, at which time the Court granted the parties leave to file a series of partial summary judgment motions without prejudice to ultimately filing a summary judgment motion on the main merits of the case. Docket No. 37. Plaintiff filed an Amended Class Action Complaint on October 11, 2017, following this Court's ruling on a partial Motion to Dismiss. Docket Nos. 25, 42, 43. Defendants then filed a series of partial summary judgment motions. Docket Nos. 53-55.

The Court then stayed the case on June 26, 2018, pending formal mediation by the parties, and the case was thereafter reopened following the conclusion of mediation on September 25, 2018. Docket Nos. 78, 81. Plaintiff contends in the Amended Class Action Complaint that Cimarex used, caused to be used, and/or allowed third parties to use natural gas from Oklahoma wells, but that despite express provisions in the oil and gas leases, Cimarex "knowingly and systematically underpaid royalty" to him through a policy of not paying royalties for fuel gas, and that Cimarex failed to disclose on monthly royalty check stubs that it "was not paying royalty on the full volume and value of production from the Oklahoma wells." Docket No. 43, pp. 1-2, ¶¶ 1-6.

In addition to the personal allegations, Plaintiff asserts that he is acting as a representative of a class defined as:

> All non-excluded persons or entities who are or were royalty owners in Oklahoma wells where Cimarex, including its predecessors or affiliates, is or was the well operator and working interest owner (or, as a non-operating working interest owner, Cimarex separately marketed gas), and who, from January 1, 2013 are or were entitled to share in royalty proceeds payable under oil and gas leases that contain an express provision stating that royalty will be paid on gas used off the lease premises and/or in manufacture of products.
>
> The persons or entities excluded from the Class are: (1) agencies, departments or instrumentalities of the United States of America and the State of Oklahoma; (2) officers of the Court involved in this action; (3) publicly traded oil and gas exploration companies and their affiliates; and (4) persons or entities that Plaintiff's counsel is, or may be prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct.

Docket No. 43, pp. 3-4, ¶ 15. The class allegations indicate that the common questions of fact include: (a) whether, under express terms of the oil and gas leases under which Reirdon and the putative Class are entitled to be paid royalty, Cimarex has or had a duty to

pay royalty on Fuel Gas; (b) whether Cimarex has paid the full amount of royalty owed on Fuel Gas; and (c) whether Cimarex's uniform royalty payment methodology breaches Cimarex's express duties to pay royalty on Fuel Gas. *See* Docket No. 43, pp. 4-5, ¶ 19. Plaintiff's First Amended Class Action Complaint sets out the following enumerated causes of action: (I) breach of contract, (II) unjust enrichment, and (III) fraud (actual and constructive) and deceit, as well as enumerated claims for (IV) an accounting and (V) an injunction. Having filed separate summary judgment motions as to the Plaintiff's breach of contract claim, the Defendants now move for summary judgment on Plaintiff's non-contract claims, Counts II-V.[1]

## Law Applicable

Summary judgment is appropriate if the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party must show the absence of a genuine issue of material fact, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), with the evidence taken in the light most favorable to the non-moving party, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). However, "a party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to

---

[1] Because a class has not been certified, the Court is only addressing the specific claims of Plaintiff, and potential claims of putative class members are not addressed.

3

particular parts of materials in the record . . . or . . . showing that the materials cited do not establish the absence or presence of a genuine dispute[.]" Fed. R. Civ. P. 56(c).

## Factual Background

The undisputed facts reflect that Magnum Hunter, a wholly owned subsidiary of Cimarex Energy Co. is the lessee, but Cimarex distributes the royalties associated with the oil and gas wells and leases at issue in this lawsuit. Magnum Hunter sells the gas to Madill Gas Processing Company, L.L.C. ("Madill"), and delivers the gas to Madill at or near Madill's North Madill Compressor Station in Marshall County, Oklahoma. A pro rata share of the gas is used off the leased premises as Fuel Gas to power compressors which move the gas from the leased premises to Madill's gas processing plan. A pro rata share is also used to power machinery and equipment at Madill's gas processing plant, including compressors, an amine treater, and generators.

After the initiation of this lawsuit, Defendants paid royalties on the value of the Fuel Gas used off premises to power the compressors and amine treater from January 1, 2013 to present, but to date have not paid royalties on a pro rata share of Fuel Gas used off the leased premises to: (i) cryogenically process gas into natural gas liquids and residue gas, (ii) deliver gas from the plant to a residue gas pipeline at the plant tailgate, and (iii) run generators that were used to power the Madill processing plant before it switched to electrical power in April 2014.

## Analysis

Cimarex has moved for summary judgment on the Plaintiff's non-contract claims, *i. e.*, his claims of unjust enrichment, constructive fraud, actual fraud, accounting, and

injunction. Cimarex asserts that it is entitled to summary judgment as to Plaintiff's claims for unjust enrichment, constructive fraud, accounting, and injunction, because Plaintiff has an adequate remedy at law, *i. e.*, his breach of contract claim. Additionally, Cimarex contends that Plaintiff's claim of actual fraud fails because the alleged breach of duty is not recognized under Oklahoma law.

**Unjust enrichment, accounting, and injunction.** Plaintiff contends that, because this Court held at the pleading stage that he could pursue alternative claims for relief, his equitable claims should likewise survive summary judgment. The Court agrees that "[a]lternative theories of relief are permitted at the pleading stage of litigation[,]" *Kaiser v. Bowlen*, 181 F. Supp. 2d 1200, 1203 (D. Colo. 2002), but Plaintiff's assertion that such claims should necessarily survive to trial is incorrect. Under *Oklahoma* law, "while inconsistent judgments or double recovery are **not** permissible, inconsistent theories and remedies **may** be asserted at the pleading stage **and,** in fact, relied on throughout trial." *Rogers v. Meiser*, 2003 OK 6 ¶ 6 n.5, 68 P.3d 967, 970 n.5 (emphasis in original), *citing Howell v. James*, 1991 OK 47 ¶ 12, 818 P.2d 444, 448 ("Under *Landsing* [*Properties v. OKC Apartments, LTD.,* 496 F. Supp. 5, 6 (W.D. Okla. 1979)] and the federal rule, a litigant should be permitted to plead the inconsistent remedies. However, under the Oklahoma version of Rule 8(e)(2), the litigant must also be permitted to rely on these inconsistent defenses at trial."). But under the *federal* rules, "[t]he plaintiff may be required to elect between these claims before trial." *Kaiser*, 181 F. Supp. 2d at 1203. *See also Natural Wealth Real Estate, Inc. v. Cohen*, 2007 WL 201252, at *6 (D. Colo. Jan. 23, 2007) ("In the typical case, Mr. Cohen would be permitted to pursue alternative theories until

5

summary judgment."). Thus, "[t]he propriety of summary judgment in federal diversity cases must be evaluated in light of the Federal Rules of Civil Procedure rather than state procedural law, but with reference to the state's substantive law." *C. F. Braun & Co. v. Oklahoma Gas & Elec. Co.*, 603 F.2d 132, 133 n.1 (10th Cir. 1979), *citing Hanna v. Plumer*, 380 U.S. 460 (1965). *See also Avery v. Roadrunner Transp. Servs., Inc.*, 2012 WL 6016899, at *3 (W.D. Okla. Dec. 3, 2012) ("Rule 8 is a pleading standard and the fact that a plaintiff may plead claims in the alternative is immaterial to whether a defendant is subsequently entitled to judgment as a matter of law on any one particular claim.").

Even under Oklahoma law, "[t]he long-standing rule [] is that a plaintiff may not pursue an equitable remedy when the plaintiff has an adequate remedy at law. [] A claim for breach of contract provides such a remedy." *Krug v. Helmerich & Payne, Inc.*, 2013 OK 104, ¶ 34, 320 P.3d 1012, 1022. *See also Dutton v. City of Midwest City*, 2015 OK 51, ¶ 39, 353 P.3d 532, 551 ("Adequacy of a remedy in this context is determined by whether the law provides a means for complete relief for a person with the type of claims Dutton is raising, *i.e.,* a *reasonable opportunity* to obtain the relief he seeks.") (emphasis in original). "Where an enforceable express contract governs the parties' relationship, quasi-contractual remedies such as unjust enrichment are not available." *Naylor Farms, Inc. v. Anadarko OGC Co.*, 2011 WL 7267851, at *1 (W.D. Okla. June 15, 2011), *citing Member Services Life Insurance Co. v. American National Bank and Trust Co.*, 130 F.3d 950, 957 (10th Cir. 1997). The Court thus finds that Plaintiff's claim for breach of contract in this case is an adequate remedy at law. 52 Okla. Stat. § 903 ("[T]he Production Revenue Standards Act shall provide the exclusive remedy to a person entitled to proceeds from production for

6

failure of a holder to pay the proceeds within the time periods required for payment. The interest amounts [] and the remedies [] are deemed to be adequate remedies . . ."). As such, the Court declines to exercise its equitable jurisdiction as to Plaintiff's claim for unjust enrichment. *See AG Equipment Co v. AIG Life Ins. Co., Inc.*, 2009 WL 223106, at *8 (N.D. Okla. Jan. 28, 2009) ("Here, there is a contract between the parties and one party will recover on its breach of contract claim. Accordingly, there is an adequate remedy at law."); *Hydro Turf, Inc. v. International Fidelity Ins. Co.*, 2004 OK CIV APP 45, ¶ 19, 91 P.3d 667, 673 ("Because an adequate remedy at law is available to Hydro Turf through its negligence claim, it was not necessary for the trial court to invoke its equitable jurisdiction on the unjust enrichment issue."). *See also Naylor*, 2011 WL 7267851, at *1 ("Unjust enrichment is a form of equitable relief that a court will not ordinarily exercise its equitable jurisdiction to grant where the plaintiff has an adequate remedy at law. . . . Where a party has an adequate remedy at law for breach of contract or negligence, regardless of whether the party actually recovers thereon, the party may not pursue a claim for unjust enrichment.").

This likewise applies to Plaintiff's claims for an accounting and an injunction, as success on both claims is contingent upon there being no adequate remedy at law. *See TMBRS Prop. Holdings, LLC v. Conte,* 2018 WL 2988663, at *1 (N.D. Okla. May 7, 2018) ("Under Oklahoma law, a party seeking an accounting must prove: "(1) a confidential relationship; (2) the defendant had control over another's property and records concerning the property; (3) after a demand for an accounting[,] defendant did not account for or return the property; and (4) there is no adequate remedy at law."), *quoting Howell Petroleum*

7

*Corp. v. Leben Oil Corp.*, 976 F.2d 614, 620 (10th Cir. 1992), *citing Arthur v. Arthur*, 1959 OK 148, 354 P.2d 199; *and Securities and Exchange Commission v. Gilder*, 2014 WL 1628474, at *3 (D. Colo. 2014) ("It is fundamental to our jurisprudence, and has been so for hundreds of years, that an injunction is an equitable remedy and will not issue when there is an adequate remedy at law."). Because the Plaintiff has an adequate remedy at law, he may not here pursue a claim for an accounting or injunction.

**Constructive Fraud.** The Plaintiff's third claim for relief is set forth as "Fraud (Actual and Constructive) and Deceit." The Plaintiff alleges that Cimarex's monthly remittance statements were false and misleading and provided insufficient information regarding the amount of royalty due the Plaintiff. He requests actual and punitive damages as a result. Cimarex contends that, under statutory law, they were not required to itemize the check stubs as to volume, price, and gross value of gas before deductions for the Fuel Gas. As the analysis differs, the Court addresses the Plaintiff's claims for constructive and actual fraud in turn.

"An individual commits constructive fraud under Oklahoma law by breaching a *legal or equitable* duty to the detriment of another." *Bristow First Assembly of God v. BP p.l.c.*, 210 F. Supp. 3d 1284 (N.D. Okla. 2016), *quoting Young v. Dish Network, LLC*, 2015 WL 6623384, at *3 (N.D. Okla. Oct. 30, 2015) (emphasis added).

> To recover under a theory of constructive fraud, [Plaintiff] must prove:
> (1) That the defendant owed plaintiff a duty of full disclosure. This duty could be part of a general fiduciary duty owed by the defendant to the plaintiff. *This duty could also arise, even though it might not exist in the first instance, once a defendant voluntarily chooses to speak to plaintiff about a particular subject matter;*
> (2) That the defendant misstated a fact or failed to disclose a fact to plaintiff;

8

(3) That the defendant's misstatement or omission was material;
(4) That plaintiff relied on defendant's material misstatement or omission; and
(5) That plaintiff suffered damages as a result of defendant's material misstatement or omission.

*Specialty Beverages, L.L.C. v. Pabst Brewing Co.*, 537 F.3d 1165, 1180–1181 (10th Cir. 2008) (emphasis in original). "In contrast with actual fraud, constructive fraud does not require an intent to deceive." *Roberts Ranch Co. v. Exxon Corp.*, 43 F. Supp. 2d 1252, 1259 (W.D. Okla. 1997). But "both actual fraud and constructive fraud require detrimental reliance by the person complaining." *Howell v. Texaco Inc.*, 2004 OK 92, ¶ 32, 112 P.3d 1154, 1161. Under Oklahoma law, specifically the Production Revenue Standards Act (PRSA):

> The following information for each property and month of sale shall be included with each payment made to an interest owner from the sale of oil or gas:
> 1. Lease or well identification;
> 2. Month and year of sales included in the payment;
> 3. Total barrels or MCF attributed to such payment;
> 4. Price per barrel or MCF, including British Thermal Unit adjustment of gas sold;
> 5. Total amount attributed to such payment of severance and other production taxes, with the exception of windfall profit tax;
> 6. Net value of total sales attributed to such payment after taxes are deducted;
> 7. Owner's interest, expressed as a decimal, in production from the property;
> 8. Owner's share of the total value of sales attributed to such payment prior to any deductions;
> 9. Owner's share of the sales value attributed to such payment less owner's share of the production and severance taxes; and
> 10. A specific listing of the amount and purpose of any other deductions from the proceeds attributed to such payment due to the owner upon request by the owner.

52 Okla. Stat. § 570.12(A). The Oklahoma Supreme Court has held that the PRSA "provides a legal duty on which the plaintiffs can base a claim for constructive fraud." *Howell*, 2004 OK 92, ¶ 30, 112 P.3d at 1161. However, a Plaintiff may only maintain such an action where he does not have an adequate remedy at law. *See Krug*, 2013 OK 104, ¶¶ 32, 34, 320 P.3d 1012, 1022 (With regard to "equitable, quasi-contract claim for constructive fraud[.]" "[t]he long-standing rule in Oklahoma is that a plaintiff may not pursue an equitable remedy when the plaintiff has an adequate remedy at law. . . . A claim for breach of contract provides such a remedy."). Because the Court has previously found that Plaintiff has an adequate remedy at law, Plaintiff's claim for constructive fraud cannot lie.

**Actual Fraud and Deceit.** The analysis with regard to Plaintiff's claim for actual fraud is different, however. "A[n actual] fraud claim require[s] Plaintiff to prove (1) Defendant made a material representation; (2) that was false; (3) and made knowingly or recklessly, without regard for its truth; (4) with the intent that it be acted upon; and (5) Plaintiff was injured as a result." *Alexander v. Smith & Nephew, P.L.C.*, 90 F. Supp. 2d 1225, 1235 (N.D. Okla. 2000), *citing McCain v. Combined Communications Corp. of Okla., Inc.*, 1998 OK 94, 975 P.2d 865, 867.

Plaintiff points to § 570.12(A)(8), which requires Cimarex to list the owner's share of the total value of sale attributed to the payment *prior* to deductions that are made, to assert that Cimarex's failure to provide volume, price, and gross value of gas before deductions for the Fuel Gas was fraudulent. He asserts that Cimarex's check stubs purported to be a gross value but were actually a net value after deductions because they

10

did not account for Fuel Gas, and thus contends that Cimarex failed to accurately inform him of the basis for his royalty payments. *See Howell*, 2004 OK 92, ¶ 31, 112 P.3d at 1162 ("The PRSA provisions give the royalty owners a right to be accurately informed of the facts and place a legal duty on the respondents to accurately inform the plaintiffs of the facts on which the royalty payments are based."). Cimarex maintains that it complied with the statute, and disputes that the statute requires the information referenced by Plaintiff, pointing to § 570.12(A)(10), which allows the owner to request a specific listing related to deductions, and asserting that the Plaintiff did not do so and instead filed this lawsuit. Cimarex also submits that these arguments are based on a duty that is not recognized under Oklahoma law. Here, the Court finds that genuine issues of material fact remain and that reasonable jurors could find that Cimarex "misrepresented and/or concealed information" required to be disclosed. *See* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). *See also Naylor Farms, Inc. v. Anadarko OGC Co.*, 2011 WL 7053788, at *3 n.2 (W.D. Okla. July 14, 2011) ("The Court does not address Defendant's argument that it complied with the PRSA disclosure requirements of Okla. Stat. tit. 52 § 570.12(A)(10) because a claim for breach of the PRSA was not certified for class treatment and the Court has already determined that reasonable jurors could find that Defendant QEP misrepresented and/or concealed information required to be disclosed with royalty payments by the statute."). Summary judgment is therefore denied as to Plaintiff's claim for actual fraud.

## CONCLUSION

Consequently, IT IS ORDERED that the Defendants' Partial Motion for Summary Judgment on Plaintiff's Non-Contract Claims and Brief in Support [Docket No. 83] is hereby GRANTED IN PART as to Plaintiff's equitable, quasi-contract claims of unjust enrichment, constructive fraud, accounting, and injunction and DENIED as to Plaintiff's claim of actual fraud and deceit.

**DATED** this 25th day of June, 2019.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma